UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § § § § § § | |
| Plaintiff, | | |
| versus | | Civil Action  M-19-262 |
| | | (CDCS: 2016A03726) |
| Maria C. Crow, | | |
| Defendant. | | |

# Complaint

1. *Jurisdiction.* The district court has jurisdiction because the United States is a party. *See* U.S. CONST., art III, § 2, and 28 U.S.C. § 1345.

2. *Venue.* The defendant resides in Hidalgo County, Texas, and may be served with process at 14112 Tachie Drive, Mercedes, TX 78570.

3. *The Debt.* The debt owed to the United States arose through a promissory note.

    The debt on the date of the Certificate of Indebtedness was:

    | | | | |
    |---|---|---|---|
    | A. | Current principal | $ | 2,822.50 |
    | B. | Interest (capitalized and accrued) | $ | 1,046.30 |
    | C. | Administrative fees, costs, penalties (Including $400.00 Filing fee) | $ | 400.00 |
    | D. | Attorney's fees | $ | 785.00 |
    | E. | Balance due | $ | 5,053.80 |

    F. Prejudgment interest accrues at 3.12% per annum being $0.24 per day.

    G. The current principal in paragraph 3 A is after credits of $632.73.

4. *Default*. The United States has demanded that the defendant pay the indebtedness, and the defendant has failed to pay it.

5. *Prayer*. The United States prays for judgment for:

   A. The sums in paragraph 3, pre-judgment interest, administrative costs, and post-judgment interest.

   B. Attorney's fees; and,

   C. Other relief the court deems proper.

Respectfully submitted,

CERSONSKY, ROSEN & GARCÍA, P.C.

By: /s/ M. H. Cersonsky
M. H. Cersonsky, TBN: 04048500
1770 St. James Place, Suite 150
Houston, Texas 77056
Telephone: (713) 600-8500
Fax: (713) 600-8585

Attorneys for Plaintiff

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 1

Maria C. Crow
AKA: Maria Celia Crow
14112 Tachie Dr.
Mercedes, TX 78570-8442
Account No. XXXXX1184

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 09/16/15.

On or about 10/20/97, the BORROWER executed promissory note(s) to secure loan(s) of $2,625.00 from International Bank, McAllen, TX. This loan was disbursed for $2,625.00 on 01/20/98 at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 02/20/05, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,005.65 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 08/10/11, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

| | |
|---|---|
| Principal: | $2,822.50 |
| Interest: | $1,046.30 |
| Total debt as of 09/16/15: | $3,868.80 |

Interest accrues on the principal shown here at the current rate of 3.12% and a daily rate of $0.24 through June 30, 2016, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 10/15/15

Loan Analyst
Litigation Support Unit

PLAINTIFF'S EXHIBIT A

Philippe Guillon
Loan Analyst